

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 4, 2013**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-rlj-11 |
| | § | |
| DEBTOR. | § | |
| WALTER O'CHESKEY, LIQUIDATING TRUSTEE of the AHF LIQUIDATING TRUST, | § § § § | |
| PLAINTIFF, | § § | |
| VS. | § | ADVERSARY NO. 11-02137 |
| | § | |
| HOUSTON ONE WILLOW CHASE, LTD., MC-CDC ONE WILLOW CHASE, INC., JOHN DOES 1-50, and ABC ENTITIES, 1-50, | § § § § | |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff here, Walter O'Cheskey, Liquidating Trustee ("Trustee") of the AHF Liquidating Trust, moves under Federal Rules 55(c) and 60(b) to set aside a default judgment issued on his motion and in his favor against defendants Houston One Willow Chase, Ltd. and

MC-CDC One Willow Chase, Inc. (collectively, "Willow Chase"). As on the motion for default judgment, nary a word is heard from Willow Chase, the judgment defendants. Instead Joan Graham and the Teresa Joan Koehler Graham Trust (collectively, "Graham"), a non-party,[1] strenuously opposes the Trustee's motion to set aside the default judgment.

Graham opposes the Trustee's motion because Graham wants to use a finding that is at least implicit from the default judgment *against* the Trustee in a separately pending proceeding in which the Trustee has sued Graham [Adversary No. 12-02023 *O'Cheskey v. Graham* (the "Graham Adversary")].

The Trustee sued Willow Chase under § 548 of the Bankruptcy Code, the fraudulent transfer provision, as recipients of the fraudulent transfer of funds from the debtor American Housing Foundation ("AHF"). Fraudulent transfers under § 548 may arise from a debtor's actual fraud or from conduct that constitutes constructive fraud. *See* 11 U.S.C. § 548(a)(1)(A), (B). Constructive fraud involves a transfer made for "less than a reasonably equivalent value in exchange for such transfer." 11 U.S.C. § 548(a)(1)(B). In either case, the cause of action arises from a *transfer* of an interest of the debtor in property from the debtor to the defendants.

Section 550 of the Bankruptcy Code addresses the liability of transferees of avoided transfers and, in doing so, differentiates initial transferees from transferees that are subsequent to the initial transferees—"immediate or mediate transferee[s] of such initial transferee." 11 U.S.C. § 550(a).

The Trustee has, in the action against Graham, likewise sued Graham as recipient of a fraudulent transfer emanating from the debtor AHF. At issue is whether Graham is an "initial

---

[1] As Joan Graham and the Teresa Joan Koehler Graham Trust, by their own pleadings, define themselves in the singular, they will be referred to in the singular here.

transferee" of AHF's alleged transfer or a transferee that is subsequent to Willow Chase, i.e., an "immediate" or "mediate" transferee.  Though the property here, consisting of funds of AHF, may have passed through Willow Chase, Graham may, according to the Trustee, still be an initial transferee if, for example, Willow Chase is deemed to have been merely a conduit for the funds that passed to Graham.

The issue here is important to Graham because Graham has greater defenses if Graham is relegated to the status of a mere "immediate" or "mediate" transferee.  Without belaboring this point, Graham is simply in a better tactical position in the Trustee's lawsuit against Graham.  Graham will argue that the Trustee's default judgment is premised upon an initial transfer to Willow Chase and that Graham is, at most, a subsequent transferee.

The Court must resolve whether to set aside the default judgment against Willow Chase given the circumstances here.  Graham's standing here to raise an objection is questionable.  Since the judgment was taken by default, Graham is not prevented from litigating any claims or issues subject of the default judgment.  *See Thompson v. Jonovich (In re Food & Fibre Prot., Ltd.)*, 168 B.R. 408, 416 (Bankr. D. Ariz. 1994); *see also Morris v. Emprise Bank (In re Jones Storage and Moving, Inc.)*, No. 00-14862, 04-5106, 2005 WL 2590385, at *4–5 (Bankr. D. Kan. Apr. 14, 2005).[2]  Graham contends its legal rights are "affected" by the default judgment and thus it has standing here because, "if the Trustee wishes to pursue Graham as a subsequent transferee, he no longer needs to avoid the underlying [t]ransfer itself...."  But Graham is not harmed by any such finding and, besides, such finding is precisely what the Trustee seeks to avoid by his motion

---

[2] In *Thompson* the court found that the trustee had to first establish that it was proper to avoid the transfer from the debtor to the initial transferee.  168 B.R. at 416.  Then, the trustee could establish that the subsequent transferee was a transferee from whom payment may be recovered under § 550.  *Id.*

here.³ The Court is also satisfied, however, that were the judgment set aside and the proceeding reopened, Graham would have a right to intervene in the action. Fed. R. Civ. P. 24.

By the same token, the Trustee's ability to set aside the default judgment under the applicable standards of Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure is likewise questionable.⁴ The Trustee moves for relief under subsections (1) and (6) of Rule 60(b): subsection (1) affords relief for mistake, inadvertence, surprise, or excusable neglect; subsection (6) is a catch-all that affords relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The parties dispute whether the broader and more liberal good cause standard found at Rule 55 has been incorporated by the courts in assessing whether to set aside a default judgment under Rule 60(b)(1). The problem here is that regardless the standard used, the

---

³Graham cites a litany of cases to support its argument that a non-party has standing under Rule 60(b) when that party's rights are affected. These cases are distinguishable, however. In *Eyak Native Village v. Exxon Corp.*, the Ninth Circuit allowed for a non-party to seek relief from a judgment procured by fraud. 25 F. 3d 773, 777 (9th Cir. 1994). Similarly, the Seventh Circuit in *Houck on Behalf of U.S. v. Folding Carton Administration Committee* allowed for a non-party to attack a fraudulently obtained judgment when its legal interest was affected. 881 F. 2d 494, 505 (7th Cir. 1989). In *Southerland v. Irons*, the Sixth Circuit also allowed for a non-party to have standing when that party raised the issue of fraud on the court. 628 F. 2d 978, 980 (6th Cir. 1980). There are no allegations of fraud here.

The Second Circuit in *Dunlop v. Pan American World Airways, Inc.* found that a non-party had standing because it was sufficiently "connected and identified" with the suit. 672 F. 2d 1044, 1052 (2d Cir. 1982). In *Dunlop*, the non-party was a group of former airline employees who sought to amend the judgment procured by the Secretary of Labor to prevent the judgment from barring the group's state law claims against the airline. *Id.* at 1047, 1052. *Dunlop* is unlike the present case; there is no such close relationship or connection between Graham and Willow Chase.

In *Kem Manufacturing Corp. v. Wilder*, the Eleventh Circuit found that a non-party only had standing to raise a Rule 60(b) issue if its rights were "directly affected by the final judgment." 817 F. 2d 1517, 1520 (11th Cir. 1987). The non-party in *Kem Manufacturing* was not affected by the final judgment because the judgment "would in no way be an obstacle to a determination in any other action." *Id.* at 1521. The Fifth Circuit has also allowed a non-party to seek relief under Rule 60(b). *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 n. 14 (5th Cir. 1992). The court reasoned that Rule 60(b) applied to "those individuals who were in a position tantamount to a party or whose legal rights were otherwise so bound up with the parties that their rights were directly affected by the final judgment." *Id.* (citing *Kem Mfg. Corp.*, 817 F.2d at 1520). In *Harrell v. DCS Equipment Leasing Corp.*, the non-party's legal rights were affected because the plaintiffs sought to hold the non-party liable on the default judgments. *Id.*

⁴Rule 55 is incorporated by Bankruptcy Rules 7055 and 9014; Rule 60(b) is incorporated by Bankruptcy Rule 9024. Rule 55 provides that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

applicable standard obviously assumes that the party against whom the default was taken is the party seeking relief from the judgment.

Each of the Trustee's motion and Graham's objection is facially counterintuitive: the Trustee as plaintiff seeks to set aside a judgment in its favor without prompting from the defendants Willow Chase; Graham, a non-party, opposes setting aside a judgment that establishes a threshold fact—a fraudulent transfer—on the Trustee's cause of action against Graham. The real issue is whether the Trustee is bound by the default judgment and thus somehow estopped from asserting a legal theory that is contrary to the import of the default judgment. The Trustee and Graham are attempting to avoid the significant question through their procedural dust-up here.[5] If the Trustee is so bound, then his ability to set aside the default judgment appears problematic. If, however, the Trustee is not so bound in light of the circumstances, the points raised in both the Trustee's motion and Graham's objections are of no consequence except, perhaps, as a precursor to facts that may be laid before a jury or a fact finder.

Accordingly, the Court will hereby abate the Trustee's motion to set aside the default judgment pending determination in the Graham Adversary of whether the Trustee is bound by the default judgment, or further order of this Court.

SO ORDERED.

### End of Order ###

---

[5] In fairness to Graham, Graham does raise the question of the Trustee being judicially estopped by virtue of the default judgment. Raising such point here does not, in the Court's view, resolve whether Graham has standing here, and thus, the Court prefers to address any estoppel theory in the context of the adversary proceeding where Graham clearly does have standing.